UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAREN BRITT,<br><br>        Plaintiff<br><br>v.<br><br>S. RAY DERUSSE, and THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>        Defendants | CIVIL ACTION NO. 05-30197 |

**DEFENDANT'S, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, ANSWER TO THE COMPLAINT**

INTRODUCTION

    No response is required to the introductory remarks. To the extent a response is required, Prudential admits the allegations contained in the introduction and further answers that Prudential, a disinterested stakeholder, admits that it must pay the proceeds but avers that it must pay the proceeds only one time.

PARTIES

1. The Prudential Insurance Company of America (hereinafter referred to as "Prudential")is without knowledge or information sufficient to either admit or deny allegations contained in Paragraph 1 of the Plaintiff's Complaint.

2. Prudential is without knowledge or information sufficient to either admit or deny allegations contained in Paragraph 2 of the Plaintiff's Complaint.

3. Prudential denies that VGLI is a life insurance company.

4. Prudential admits the allegations contained in paragraph 4 of the Plaintiff's Complaint.

FACTS

5. Prudential admits the allegations contained in paragraph 5 of the Plaintiff's Complaint.

6. Prudential admits the allegations contained in paragraph 6 of the Plaintiff's Complaint.

7. Prudential admits the allegations contained in paragraph 7 of the Plaintiff's Complaint.

8. Prudential is without knowledge or information sufficient to either admit or deny allegations contained in Paragraph 8 of the Plaintiff's Complaint.

9. Prudential is without knowledge or information sufficient to either admit or deny allegations contained in Paragraph 9 of the Plaintiff's Complaint.

10. Prudential is without knowledge or information sufficient to either admit or deny allegations contained in Paragraph 10 of the Plaintiff's Complaint.

11. Prudential is without knowledge or information sufficient to either admit or deny allegations contained in Paragraph 11 of the Plaintiff's Complaint.

12. Prudential is without knowledge or information sufficient to either admit or deny allegations contained in Paragraph 12 of the Plaintiff's Complaint.

13. Prudential answers that a document was attached to Plaintiff's Complaint as Attachment B, however, Prudential further answers that it is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 13 of the Plaintiff's Complaint, and further answering states that Prudential did not receive the document attached as Attachment B prior to the death of Mr. Stewart.

14. Prudential is without knowledge or information sufficient to either admit or deny allegations contained in Paragraph 14 of the Plaintiff's Complaint.

15. Prudential is without knowledge or information sufficient to either admit or deny allegations contained in Paragraph 15 of the Plaintiff's Complaint.

16. Prudential is without knowledge or information sufficient to either admit or deny allegations contained in Paragraph 16 of the Plaintiff's Complaint.

17. Prudential's records do not indicate that it received a call from the Plaintiff on or about June 2, 2005 and is without knowledge or information sufficient to either admit or deny allegations contained in Paragraph 17 of the Plaintiff's Complaint.

18. Prudential answers that Plaintiff did submit a claim for benefits and further answers that it is without knowledge or information sufficient to either admit or deny the remainder of the allegations contained in Paragraph 18 of the Plaintiff's Complaint.

19. Prudential admits that on or about July 18, 2005, Prudential informed Plaintiff's husband that Plaintiff was not the designated beneficiary for the policy.

20. Prudential admits that at the time of Mr. Stewart's death, Prudential's records reflect that the designated beneficiary of the proceeds of the life insurance policy was S. Ray DeRusse.

43332.1

21. Prudential admits that Plaintiff made requests regarding the identity of the designated beneficiary which Prudential could not release absent court order and admits that Prudential informed Plaintiff of the right to lodge an internal protest with Prudential and to then file legal action.

<u>First Claim for Relief-Declaratory Judgment</u>

1. Prudential repeats and re-avers its answers to the allegations contained in paragraphs 1-21.

2. Prudential admits that there exists a justifiable controversy regarding the proceeds of the life insurance policy between Caren Britt and S. Ray DeRusse and denies that Prudential is an interested stakeholder in this controversy. Prudential further answers that it admits that the death benefit proceeds must be paid by it, avers that said proceeds must only be paid out once and that Prudential is a disinterested stakeholder in this matter.

<u>AFFIRMATIVE DEFENSES</u>

<u>FIRST AFFIRMATIVE DEFENSE</u>
By way of affirmative defense, Prudential states that it performed all of its duties and obligations in good faith.

<u>SECOND AFFIRMATIVE DEFENSE</u>
By way of affirmative defense, Prudential states that proceeds must be paid but that said proceeds are only to be paid once by Prudential.

<u>THIRD AFFIRMATIVE DEFENSE</u>
By way of affirmative defense, Defendants reserve its right to assert additional defenses up to time of trial.

**WHEREFORE**, The Prudential Insurance Company of America respectfully requests that the Court issue an Order:

(a). Allowing Prudential to deposit the Proceeds into the Court's registry;

(b). Compelling the plaintiff and co-defendant to determine through this action their potentially competing and adverse claims for the Proceeds;

(c). Extinguishing with finality all claims that the Plaintiff has against Prudential upon Prudential's payment of the Proceeds into Court;

(d). That upon Prudential's deposit of the Proceeds with the Court, Prudential will be discharged from any liability in this action;

43332.1

    (e).    Awarding Prudential its reasonable attorneys' fees and costs; and

    (f).    Granting Prudential such other further relief as the Court deems just and proper.

Respectfully submitted,

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

By Its Attorneys,

/s/ Carey L. Bertrand
William T. Bogaert, BBO # 546321
Carey L. Bertrand, BBO# 650496
Wilson, Elser, Moskowitz,
 Edelman & Dicker, LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

Dated: September 9, 2005

### CERTIFICATE OF SERVICE

    I, Carey L. Bertrand, do hereby certify that I have served a true copy of the foregoing document on counsel of record by first class mail, postage prepaid on this 9th day of September 2005.

/s/ Carey L. Bertrand
Carey Bertrand

43332.1