UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAREN BRITT,<br>    Plaintiff<br><br>v.<br><br>S. RAY DeRUSSE and<br>VETERANS GROUP LIFE INSURANCE<br>And<br>PRUDENTIAL INSURANCE COMPANY<br> OF AMERICA,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    C.A. No. 05-30197-MAP |

**ANSWER OF DEFENDANT
S. RAY DeRUSSE TO THE VERIFIED COMPLAINT**

Now comes the Defendant, S. Ray DeRusse ("DeRusse" or the "Defendant") and respectfully responds to the Verified Complaint of the Plaintiff, Caren Britt ("Britt" or the "Plaintiff") as follows.

**Introduction**

To the extent that the Plaintiff seeks to describe her intent in this section, no response is required.

**Parties**

1. The Defendant lacks sufficient information upon which to form a belief as to the truth of the allegations contained in this paragraph.

2. The Defendant admits the allegations contained in this paragraph.

3. The Defendant lacks sufficient information upon which to form a belief as to the truth of the allegations contained in this paragraph.

4. The Defendant lacks sufficient information upon which to form a belief as to the truth of the allegations contained in this paragraph.

**Facts**

5. The Defendant admits the allegations contained in this paragraph.

6. The Defendant admits the allegations contained in this paragraph.

7. The Defendant lacks sufficient information upon which to form a belief as to the truth of the allegations contained in this paragraph.

8. The Defendant lacks sufficient information upon which to form a belief as to the truth of the allegations contained in this paragraph.

9. The Defendant admits the allegations contained in this paragraph.

10. The Defendant admits the allegations contained in this paragraph.

11. The Defendant denies the allegations contained in this paragraph.

12. The Defendant denies the allegations contained in this paragraph.

13. The Defendant denies the allegations contained in this paragraph. Further answering, the Defendant denies that Attachment B is what the Plaintiff purports it to be.

14. The Defendant lacks sufficient information upon which to form a belief as to the truth of the allegations contained in this paragraph.

15. The Defendant lacks sufficient information upon which to form a belief as to the truth of the allegations contained in this paragraph.

16. The Defendant lacks sufficient information upon which to form a belief as to the truth of the allegations contained in this paragraph.

17. The Defendant lacks sufficient information upon which to form a belief as to the truth of the allegations contained in this paragraph.

18. The Defendant lacks sufficient information upon which to form a belief as to the truth of the allegations contained in this paragraph.

19. The Defendant lacks sufficient information upon which to form a belief as to the truth of the allegations contained in this paragraph.

20. The Defendant admits the allegations contained in this paragraph.

21. The Defendant lacks sufficient information upon which to form a belief as to the truth of the allegations contained in this paragraph.

## First Claim for Relief
## Declaratory Judgment

1. The Defendant repeats and realleges paragraphs 1 through 21.

2. The Defendant admits the allegations contained in this paragraph.

**Wherefore,** the Defendant respectfully requests that this Court:

(a) adjudicate the competing claims to the insurance proceeds at issue;

(b) declare that the Defendant is the rightful, legal, and equitable beneficiary to the proceeds;

(c) order that the insurance proceeds be turned over to the Defendant without delay;

(d) award the Defendant his fees and costs incurred in defending this action; and

(e) grant such other and further relief as this Court deems just and proper.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

The Plaintiff has failed to state a claim upon which relief can be granted.

**Second Affirmative Defense**

The Plaintiff cannot recover the insurance proceeds in this action because the Defendant is the named beneficiary.

**Third Affirmative Defense**

The Plaintiff cannot recover in this action because Ronald H. Stewart, the named insured, never evidenced an intent to change the beneficiary.

**Fourth Affirmative Defense**

The Plaintiff cannot recover in this action because Ronald H. Stewart, the named insured, never attempted to effectuate a change in beneficiaries by undertaking positive action which is for all practical purposes similar to the action required by the change of beneficiary provisions of the policy at issue.

**Fifth Affirmative Defense**

The Plaintiff cannot recover in this action because Ronald H. Stewart, the named insured, failed to meet the standard of substantial compliance with the insurer's policy for changing the named beneficiary.

**Sixth Affirmative Defense**

The rights to the insurance proceeds vested in the Defendant upon the death of Ronald H. Stewart, the named insured.

**Seventh Affirmative Defense**

The Plaintiff lacks standing to bring this action.

**Eighth Affirmative Defense**

This action is barred in whole or in part by the parole evidence rule.

**Ninth Affirmative Defense**

This action is barred by the applicable statute of frauds.

**The Defendant reserves the right to add additional affirmative defenses during the course of, and after, discovery.**

    Respectfully submitted,

    S. RAY DeRUSSE,
    By his attorney,

    /s/ David P. Russman
    _____
    David P. Russman (BBO 567796)
    The Russman Law Firm, P.C.
    194 E Street, Suite 1
    Boston, MA  02127
    617.464.2332

Dated:   September 12, 2005

*Certificate of Service*

I, David Russman, hereby certify that I served a true and accurate copy of this document upon the following on September 12, 2005 via first-class mail, postage prepaid.

Mark A. Tanner, Esq.
Bacon & Wilson / Morse & Sacks
31 Trumbull Road
Northampton, MA  01060

Carey Bertrand, Esq.
Wilson Elser
155 Federal Street
Boston, MA  02110

    /s/ David P. Russman
Dated:  September 12, 2005    _____
    David P. Russman