UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAREN BRITT,<br>　　Plaintiff<br><br>v.<br><br>S. RAY DeRUSSE and<br>VETERANS GROUP LIFE INSURANCE<br>And<br>PRUDENTIAL INSURANCE COMPANY<br>　OF AMERICA,<br>　　Defendants | )<br>)<br>)<br>)<br>)<br>)　　C.A. No. 05-30197-MAP<br>)<br>)<br>)<br>)<br>)<br>) |

**LIMITED OPPOSITION OF S. RAY DeRUSSE
TO THE MOTION TO DISMISS OF
<u>PRUDENTIAL INSURANCE COMPANY OF AMERICA</u>**

Now comes the defendant, S. Ray DeRusse ("DeRusse"), and respectfully submits this limited opposition to the *Motion to Dismiss* of the co-defendant, Prudential Insurance Company of America ("Prudential"). As grounds for this limited opposition, DeRusse states as follows.

This case involves a dispute as to entitlement to life insurance proceeds. Both the Plaintiff and DeRusse have asserted claims to the life insurance proceeds. Prudential, the life insurer, has agreed that it is obligated to pay the life insurance proceeds, and it has deposited the proceeds with the Court. Now, Prudential seeks to be dismissed from the case with prejudice.

DeRusse does not oppose Prudential being dismissed without prejudice. However, DeRusse does oppose Prudential being dismissed with prejudice in light of the fact that this case is at such an early stage. Discovery has not occurred yet; nor have

automatic disclosures even been made. Thus, DeRusse is concerned that discovery may reveal information that may require Prudential to be brought back in. For example, if there is an additional insurance policy on the decedent's life which names DeRusse as a beneficiary, DeRusse may be barred from asserting a claim for those insurance proceeds if Prudential is dismissed with prejudice. Or, in light of the fact that DeRusse has not yet reviewed the underlying insurance policy, it may come to light that Prudential had an obligation to treat the premium payments in a certain way but failed to do so. Simply put, DeRusse cannot say with assurance that he has no viable claims against Prudential (under a breach of contract theory, a Mass. General Laws chapter 176D theory, or some other theory), given the nascent stage of this litigation.

        Accordingly, DeRusse respectfully requests that Prudential's *Motion to Dismiss* be allowed only without prejudice.

Respectfully submitted,

S. RAY DeRUSSE,
By his attorney,

/s/ David P. Russman

_____
David P. Russman (BBO 567796)
The Russman Law Firm, P.C.
194 E Street, Suite 1
Boston, MA  02127
617.464.2332

Dated:   October 18, 2005

*Certificate of Service*

I, David Russman, hereby certify that I served a true and accurate copy of this document upon the following on October 18, 2005 via first-class mail, postage prepaid.

Mark A. Tanner, Esq.
Bacon & Wilson / Morse & Sacks
31 Trumbull Road
Northampton, MA  01060

Carey Bertrand, Esq.
Wilson Elser
155 Federal Street
Boston, MA  02110

|  |  |
|---|---|
|  | /s/ David P. Russman |
| Dated:  October 18, 2005 | _____ |
|  | David P. Russman |